1  Christopher C. Hoffman [SBN 176334]
       Email: choffman@laborlawyers.com
2  Brooke B. Tabshouri [SBN 279145]
       Email: btabshouri@laborlawyers.com
3  FISHER & PHILLIPS LLP
   4747 Executive Drive, Suite 1000
4  San Diego, California 92121
   Tel: (858) 597-9600
5  Fax: (858) 597-9601

6  Alice Shelor Wang [SBN 228351]
       Email: awang@laborlawyers.com
7  FISHER & PHILLIPS LLP
   One Embarcadero Center, Suite 2050
8  San Francisco, California 94111
   Tel: (415) 490-9000
9  Fax: (415) 490-9001

10 Attorney for Defendants
   INTERNATIONAL PAPER COMPANY
11 and TIN, INC.

12                 UNITED STATES DISTRICT COURT

13             NORTHERN DISTRICT OF CALIFORNIA

14                      SAN JOSE BRANCH

15 MELVYN LETULIGASENOA, Individually          Case No. **CV 13-05272 PSG**
   and on behalf of similarly situated and
16 aggrieved employees of Defendants in the    *Removed from the Santa Clara County*
   State of California,                         *Superior Court, Case No. 1-13-CV-254154*
17                                              *Department: 9, before The Honorable Mark*
                 Plaintiff,                     *Pierce*
18
              vs.                               **NOTICE OF REMOVAL UNDER**
19                                              **28 U.S.C. §§ 1332, 1441, 1446 AND**
   INTERNATIONAL PAPER COMPANY;                 **1453**
20 TIN, INC, which will do business in
   California as TEMPLE-INLAND, INC., and       Complaint Filed:     October 4, 2013
21 DOES 1 through 50, Inclusive,

22               Defendants.

23

24 TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT

25 OF CALIFORNIA AND TO PLAINTIFF MELVYN LETULIGASENOA AND HIS

26 COUNSEL OF RECORD:

27     PLEASE TAKE NOTICE THAT International Paper Company ( "International

28

---

NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, 1446 AND 1453
PAGE 1

1  Paper" or "IP") through its undersigned counsel, hereby removes the above-captioned action
2  from the Superior Court of the State of California in and for the County of Santa Clara to this
3  Court pursuant to 28 U.S.C. Sections 1332(d), 1441, 1446 and 1453.

4  **I.       BACKGROUND OF THE REMOVED ACTION**

5         1.      On or about October 4, 2013, Plaintiff Melvyn Letuligasenoa, on behalf
6  of himself and others similarly situated, filed a Complaint against Defendants IP and TIN, Inc.
7  ("TIN") (collectively "Defendants") in the Superior Court of the State of California, County of
8  Santa Clara, entitled *Melvyn Letuligasenoa, Individually and on behalf of similarly situated and*
9  *aggrieve employees of Defendants in the State of California v. International Paper Company;*
10 *TIN, INC., which will do business in California as Temple-Inland, Inc., and DOES 1 through*
11 *50,Inclusive,* Case No. 113CV254154 (the "Complaint").

12        2.      Pursuant to 28 U.S.C.  § 1446(a), true and correct copies of the Summons,
13 Complaint, and Civil Cover Sheet are attached to this notice as Exhibit A to the Declaration of
14 Alice S. Wang ("Wang Decl."), ¶4.   The allegations of the Complaint in the Action are
15 incorporated by reference in this Notice of Removal without admission or agreement of the
16 truth of any of them.

17        3.      IP answered Plaintiff's Complaint in Superior Court of the State of California,
18 County of Santa Clara prior to removal and is not aware of any further proceedings or filings
19 regarding this action in Santa Clara County Superior Court.  (Wang Decl., ¶5, Exhibit B.)

20 **II.      NATURE OF REMOVED ACTION**

21        4.      The Complaint purports to assert nine class-wide causes of action against
22 Defendants stemming from the employment of Plaintiff and putative class members.
23 Specifically, the Complaint alleges causes of action for:  1) failure to provide mandated meal
24 periods in violation of California Labor Code §§ 226.7, 512, 1198 and the "Meal Periods"
25 section of the IWC Wage Order; 2) failure to authorize and permit rest periods in violation of
26 California Labor Code §§ 226.7, 1198 and the "Rest Periods" Section of the IWC Wage Order;
27 3) failure to pay minimum wages periods in violation of California Labor Code §§ 1197, 1198
28 and the "Minimum Wages" Section of the IWC Wage Order; 4) failure to pay overtime wages

periods in violation of California Labor Code §§ 510, 1198 and the "Days and Hours Worked" Section of the IWC Wage Order; 5) failure to pay vested vacation wages in violation of California Labor Code Section 227.3; 6) failure to timely pay all wages due upon separation periods in violation of California Labor Code §§201, 202, 1198 and the "Minimum Wages" Section of the IWC Wage Order; 7) failure to provide and maintain accurate itemized wage statements periods in violation of California Labor Code §§ 226, 1198 and the "Records" Section of the IWC Wage Order; 8) failure to maintain and provide accurate records periods in violation of California Labor Code §§ 1174, 1198 and the "Records" Section of the IWC Wage Order; and, 10) violation of Business and Professions Code §§ 17200, *et seq.*

5.      Plaintiff claims that IP engages in "a systematic pattern of wage and hour violations under the California Labor Code and the Industrial Welfare Commission Wage Orders [by]: failing to provide meal periods, failing to authorize and permit rest breaks, failing to pay minimum and overtime wages for all time suffered or permitted to work, failing to provide and maintain accurate itemized wage statements and records, failing to have a compliant vacation policy, and failing to timely pay wages due upon during and upon separation of employment."  Plaintiff brings these claims on behalf of all former and current non-exempt and vacation-eligible exempt employees employed by International Paper and TIN. (Complaint, ¶¶ 1, 3, 15 through 42, and 47.)

6.      Plaintiff contends that, based on information and belief, IP acquired TIN's California employees in February 2012.  (Complaint, ¶¶ 2, 6, 16 and 17.)

7.      Plaintiff brings the Complaint pursuant to California Code of Civil Procedure §382 under class designation on behalf of all current and former similarly situated employees.

8.      Plaintiff seeks to represent eleven (11) putative classes or subclasses as follows:

• **Vacation Classes**:  All non-union current and former employees of IP and TIN who were eligible for paid vacation through a contract of employment and/or employer policy but outside of a collective-bargaining agreement, whose employment ended within four years preceding the filing of the Complaint and who were not paid all vacation

wages at their final rate of pay at the time of separation of employment and/or were subject to an unlawful vacation policy and lost vacation wages.

- **Meal Period Classes**:  All non-exempt employees of IP and TIN who did not receive a duty-free meal period of at least 30 minutes at any time four years preceding the filing of the Complaint.

- **Rest Period Classes**:  All non-exempt employees of IP and TIN who did not receive duty free rest periods of at least 10 minutes at any time four years preceding the filing of the Complaint.

- **Off-The-Clock Classes**:  All non-exempt employees of IP and TIN who were suffered or permitted to work and who were not paid for all time worked.

- **Wage Statement Classes**:  All employees of IP and TIN who received one or more wage statements that did not include the name and address of the legal entity that was their employer for three years preceding the filing of the Complaint.

- **Final Paycheck Class**:  All employees of IP and/or TIN who discharged and did not receive proper final payment within the statutory required time frame of 72 hours for three years preceding the filing of the Complaint.

(Complaint, ¶¶ 47 (a) through (k) and 50 (a) through (e) .)

## III.    VENUE

9.    Venue is proper under 28 U.S.C. § 1441(a) because this Court is the United States District Court for the district and division embracing the place where the state court case was pending.  Therefore, venue lies in the Northern District of this Court, San Jose Division pursuant to 28 U.S.C. sections 1441, 1446 (a), and 84 (a), and Northern District Local Rule 3-2(c) and (e).

1    **IV.    THE REMOVAL IS TIMELY**

2          10.    The removal is timely under 28 U.S.C. § 1446(b).

3          11.    Plaintiff filed the Complaint on October 4, 2013.  (Wang Decl., Exhibit A.)

4          12.    Plaintiff's Complaint was served on IP's registered agent for service of process

5    on October 14, 2013.  (Wang Decl., ¶4, Exhibit A.)

6          13.    IP filed this Notice of Removal within thirty (30) days of that service, as

7    required under the law.  *Murphy Bros. v. Michetti Pipe Stringing, Inc.* 526 U.S. 344, 347- 348

8    (1999).

9    **V.    NOTICE TO ADVERSE PARTY AND STATE COURT**

10         14.    Pursuant to 28 U.S.C. § 1446(d), IP is serving written notice of the removal of

11   this case on Plaintiff's Counsel of Record:

12             GRAHAMHOLLIS APC

13             Graham S.P. Hollis. Esq.

14             Diane E. Richard, Esq.

15             3555 Fifth Avenue

16             San Diego, California 92103

17         15.    IP will file on this same day a Notice of Filing Removal with the Clerk of the

18   Superior Court of California, County of Santa Clara pursuant to 28 U.S.C. § 1446(d).  A true

19   and correct copy of the Notice of Filing Removal, along with the accompanying Certificate of

20   Service, are attached as Exhibit B to the Wang Declaration.  (Wang Decl., ¶6, Exhibit C.)

21   **VI.    THE CONSENT REQUIREMENT IS INAPPLICABLE**

22         16.    IP acquired TIN and TIN's California employees at the Gilroy Bay Sheets

23   Facility in February 2012.  (Complaint, ¶ 2, Declaration of Kathleen McJunkin ("McJunkin

24   Decl."), ¶¶ 10 and 11.)  Therefore, IP is the sole and only defendant in this case (excluding

25   fictitious "Doe" defendants).  Nonetheless, this case can be removed without the consent of any

26   other defendant pursuant to 28 U.S.C § 1453(b).

27

28

---

1   **VII.   THIS COURT HAS JURISDICTION UNDER THE CLASS ACTION FAIRNESS**

2   **ACT (CAFA)**

3   17.   The Class Action Fairness Act of 2005 ("CAFA"), Pub. L. No. 109-2, 119 Stat.

4   4, amended 28 U.S.C. § 1332(d), confers federal jurisdiction over class actions involving:  (a)

5   minimal diversity (i.e., diversity between any defendant and any putative class member); (b) at

6   least 100 putative class members; and (c) at least $5 million in controversy, exclusive of

7   interest and costs.  28 U.S.C. § 1332(d)(2)(A).   Further, no defendant identified in the

8   Complaint is a state, officers of a state or a governmental agency.  28 U.S.C. § 1332(d)(5).

9   Although the burden rests on the removing party to demonstrate that CAFA's jurisdictional

10   requirements are met, the party opposing jurisdiction under CAFA bears the burden of

11   demonstrating that any exception to CAFA jurisdiction applies.  *Serrano v. 180 Connect, Inc.*,

12   478 F.3d 1018, 1022-24 (9th Cir. 2007).  Simply put, this case satisfies CAFA's requirements.

13   **VIII.   DIVERSITY OF CITIZENSHIP**

14   18.   The parties are diverse, as they are, and were at all relevant times, citizens of

15   different states.  28 U.S.C. § 1332(d)(2)(A).

16   19.   Plaintiff alleges that he resides in the state of California.   (Complaint. ¶ 14).

17   For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled.

18   *Kantor* v. *Wellesley Galleries, Ltd*, 704 F.2d 1088, 1090 (9th Cir. 1983).   Residence *is*

19   *prima facie* evidence of domicile.   28 U.S.C. 1332(a)(1) [an individual is a citizen of the

20   state in which he or she is domiciled]; *State Farm Mut. Auto. Ins. Co. v. Dyer*, 19 F.3d 514,

21   520 (10th Cir.1994) [residence is prima facie evidence of domicile for purposes of

22   determining citizenship].  Therefore, Plaintiff is a citizen of California.

23   20.   Plaintiff alleges that the proposed classes all consist of persons located in the

24   State of California or who worked in California.   On that basis, at least two-thirds of the

25   persons who make up the proposed classes are citizens of the State of California.

26   21.   A corporation is deemed to be a citizen of the state in which it has been

27   incorporated and where it has its principal place of business.  28 U.S.C. § 1332(c)(1).  The

28   phrase "principal place of business" "refers to the place where the corporation's high level

1  officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 559

2  U.S. 77, 80, 130 S. Ct. 1181, 1186, 175 L. Ed. 1029, 1034 (2010).  This is the corporation's

3  "nerve center."  *Id.* at 81.  "[I]n practice [this] should normally be the place where the

4  corporation maintains its headquarters." *Id.* at 93.

5       22.    Defendant IP is a citizen of Tennessee.  IP is incorporated in New York.  IP's

6  principal place of business in Tennessee.  (Declaration of Marla F. Adair, Assistant Secretary

7  of IP, in Support of Notice of Removal Under 28 U.S.C. §§ 1332, 1441, 1446 and 1453

8  ("Adair Decl."), ¶¶ 1 through 8.)

9       23.    For all relevant times once IP acquired TIN to the present, high level

10  officers of IP work, direct, control, and coordinate activities of IP out of Tennessee.

11  Likewise, high level employees who perform work on behalf of IP primarily do so

12  out of the its Tennessee headquarters.   Indeed, Members of IP's senior executive team,

13  including the Chief Executive Officer, Chief Financial Officer, Controller, General Counsel

14  and Secretary, and Senior Vice President, Human Resources, all work out of IP's corporate

15  headquarters in Memphis, Tennessee.   In addition to conducting executive meetings at the

16  Memphis, Tennessee headquarters, these officers primarily perform their day-to-day job duties

17  in Memphis, Tennessee, including controlling, directing and coordinating the activities of IP.

18  Additionally, IP's Board of Directors holds meetings in Memphis.  (Adair Decl., ¶¶ 1 to 8.)

19       24.    Moreover, the citizenship of fictitious defendants is disregarded for

20  purposes of establishing removal jurisdiction under 28 U.S.C. § 1332.  28 U.S.C. §

21  1441(a); *Bryant v. Ford Motor Co.*, 886 F.2d 1526 (9th Cir. 1989), *cert. denied*, 493

22  U.S. 1076 (1990).

23  **IX.**    **THE PROPOSED CLASS EXCEEDS 100**

24       25.    IP does not concede in any way, shape or form the propriety of

25  Plaintiff's proposed classes and/or subclasses.  Nor does IP concede that Plaintiff

26  has properly pled any class or subclass.  IP does not waive and, to the contrary,

27  reserves its rights to challenge the propriety of the classes and/or subclasses in all

28  respects.

26.     For purposes of removal, the Court must look at plaintiff's allegations with respect to class size. *Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1140 (9th Cir. 2013) [CAFA requirement of 100 class members satisfied by plaintiff's complaint].

27.     In the Complaint, Plaintiff alleges and seeks a putative class of all former and current non-exempt and vacation-eligible exempt employees employed by International Paper and TIN in California within the statutory period.  (Complaint, ¶¶ 1, 3, 15 through 42, and 47.)

28.     Based on Plaintiff's Complaint and asserted putative class and/or subclasses, the total number of employees only at the Gilroy Bay Sheets Facility in Gilroy, California during the relevant time period of October 4, 2009 to October 4, 2013, taking into consideration the hire and turnover rate of employees at the Gilroy Bay Sheets Facility in Gilroy, California during the same relevant time period, surpasses the 100 putative class member threshold. (McJunkin Decl., ¶¶ 1 through 19.)

29.     Therefore, as pled, Plaintiff's proposed putative class easily exceeds 100 putative members.  28 U.S.C. § 1332(d)(5)(B).

## X.     THE AGGREGATE AMOUNT IN CONTROVERSY EXCEEDS $5 MILLION

### A.     Applicable Standard

30.     Although IP denies that Plaintiff, any putative class member, or the putative class is entitled to any relief, the Court must look to the Complaint's allegations to determine the amount in controversy, assuming those allegations to be true. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) [for removal purposes, inquiry is what is put "in controversy" by the plaintiff's complaint, not what a defendant will actually owe].

### B.     Plaintiff's Claim for Relief

31.     Plaintiff's asserted putative class or subclasses place in controversy in excess of $5 million, excluding interests and costs. 28 U.S.C. § 1332(d)(2) and (6).

32.     In the Complaint, Plaintiff specifically asserts he is bringing "this lawsuit seeking injunctive, restitution, and monetary relief... on behalf of himself and all other

1   similarly-situated non-exempt and vacation-eligible exempt employees and aggrieved
2   employees to recover, among other things, restitution, unpaid wages, interest, penalties,
3   liquidated damages, attorney's fees and costs pursuant to California Labor Code §§ 201, 202,
4   203, 204, 210, 226, 226.3, 218.5, 218.6, 226.7, 227.3, 229, 510, 512, 558, 1174, 1174.5, 1194,
5   1194.2, 1197, 1197.1, 1198, 2698, *et. seq.* (Private Attorney General Act (PAGA)), and
6   Business and Professions Code § 17200 *et. seq.* and provisions of the IWC Wage Order.
7   (Complaint, ¶ 4.)

8        33.   Plaintiff's Complaint further asserts: "As to Causes of Actions One through
9   Eight and Ten, Plaintiff seeks to recover all remedies available including, but not limited to,
10   damages, interest, liquidated damages, attorney's fees and costs, penalties – statutory and civil
11   – wages, other monies due and owing and injunctive relief."  (Complaint, ¶ 48.)

12        34.   Additionally, throughout Plaintiff's Complaint, he asserts recovery of civil
13   penalties under Labor Code § 558 with respect to the First, Second, Third, and Fourth Causes
14   of Action.  (Complaint, ¶¶ 63, 76, 88, and 102.)  With respect to the Fifth Cause of Action,
15   "Plaintiff seeks to recover in a civil action all remedies available including unpaid wages,
16   penalties, interest, monies, attorney's fees and costs, injunctive relief to the fullest extent
17   permissible including those permitted pursuant to Labor Code §§ 218, 218.5, 218.6, 226(e),
18   227.3 and Code of Civil Procedure § 1021.5."  (Complaint, ¶ 111.)  Plaintiff also seeks all
19   available remedies including but not limited to, any and all wages due, penalties, monies,
20   interest, attorney's fees and costs, injunctive relief… and seeks to recover in a civil action the
21   unpaid balance of the fullest amount of the unpaid wages, interest, reasonable attorney's fees
22   and costs of suit concerning the Sixth Cause of Action.  (Complaint, ¶¶ 117 and 118.)  Plaintiff
23   also seeks monetary recovery under Labor Code §§ 226 and 226(e), whichever is greater.
24   (Complaint, ¶ 127.)

25        35.   In summary, Plaintiff seeks the following:  general damages; special damages;
26   monies pursuant to Labor Code §226(e); liquidated damages in an amount equal to the wages
27   unlawfully unpaid and interest pursuant to Labor Code §1194.2; attorney's fees, costs of suit,
28   and interest pursuant to Civil Code § 1021.5 and Labor Code §§ 218.5, 218.6, 226, 1194, and

1   2698 *et seq.*; statutory penalties under the Labor Code (including but not limited to §§ 203,

2   226.7 and 558)   and Wage Orders, injunctive relief;   restitution, pre-judgment and post

3   judgment interest.  (Complaint, section entitled "Prayer for Relief.")

4       **C.     Amount in Controversy**

5       36.     As pled, the alleged amount in controversy in this putative class action far

6   exceeds, in the aggregate $5,000,000, exclusive of interest and costs.

7       37.     As discussed above, Plaintiff seeks a putative class of all former and current

8   non-exempt and vacation-eligible exempt employees employed by International Paper and TIN

9   in California within the statutory period for payment for wages for missed meal periods, wages

10  for missed rest breaks, wages for unpaid overtime compensation, wages for unpaid vested

11  vacation, wages due upon separation, and penalties, interest, liquidated damages, attorney's

12  fees and costs pursuant to California Labor Code §§ 201, 202, 203, 204, 210, 226, 226.3, 218.5,

13  218.6, 226.7, 227.3, 229, 510, 512, 558, 1174, 1174.5, 1194, 1194.2, 1197, 1197.1, 1198, 2698,

14  et. seq.(PAGA), and Business and Professions Code § 17200 et. seq. and provisions of the IWC

15  Wage Order.  (Complaint, ¶¶ 1, 3, 4 15 through 42, and 47.)

16      38.     In Exhibit A attached to the Declaration of Christopher C. Hoffman, IP provides

17  an analysis and calculation of the amount in controversy for only the Gilroy Bay Sheets Facility

18  in Gilroy, California, using very conservative rates of pay and only as it relates to alleged

19  missed meal periods, missed rest breaks, overtime, liquidated damages, waiting time penalties,

20  minimum wage penalty, waiting time penalty, paystub penalty, rest break penalty, meal break

21  penalty, PAGA penalty, and vacation penalty for exempt employees.   (Declaration of

22  Christopher C. Hoffman  ("Hoffman Decl."), ¶¶ 1 to 49; (McJunkin Decl., ¶¶ 1 through 28.)

23      39.     Based on the analysis and calculations with respect to only the Gilroy Bay

24  Sheets Facility in Gilroy, California, the amount in controversy, indeed, surpasses   the

25  aggregate $5,000,000, exclusive of interest and costs, threshold.  In fact, the calculations do not

26  include the employees of TIN's six other California facilities acquired by International Paper,

27  or the employees from International Paper's other California facilities.  (Hoffman Decl., ¶¶ 1 to

28  49.)

### D.     Attorney's Fees

40.     While the amount in controversy exceeds $5 million even without attorneys' fees, the Court should take into account the attorneys' fees Plaintiff seeks in determining the amount in controversy. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).[1]

41.     Attorneys' fees in awards in California wage-hour class actions may total hundreds of thousands of dollars and exceed one million dollars. *McGuigan v. City of San Diego*, 183 Cal. App. 4th 610, 638, 107 Cal. Rptr. 3d 554, 575 (2010) [noting attorneys' fees paid in settlement of $1.6 million]; *Pellegrino v. Robert Half Int'l, Inc.*, 182 Cal. App. 4th 278, 287, 296, 106 Cal. Rptr. 3d 265, 277 (2010) [affirming $558,926.85 in attorneys' fees in exemption misclassification class case, but reversing as to multiplier]. Multiple courts have held that under CAFA it is appropriate to apply at least a 25% benchmark for fees. *Jasso v. Money Mart Exp., Inc.*, No. 11-cv-5500, 2012 WL 699465, at *7 (N.D. Cal. Mar. 1, 2012) ["[T]he Court notes that it is well established that the Ninth Circuit has established 25% of the common fund as a benchmark award for attorney fees. Thus, it is not unreasonable for [Defendant] to rely on this estimate using the common fund method under the circumstances here."] (quotation marks and citations omitted)); *Heejin Lim v. Helio, LLC*, No. CV11-9183, 2012 WL 359304, at *3 (C.D. Cal. Feb. 2, 2012) ["[T]he Court notes that Plaintiff seeks attorney's fees, which are properly included in the amount in controversy at 25% of the potential damage award."] (citations omitted)).

---

[1] "The Court of Appeals for the Ninth Circuit has not decided, and district courts 'are split as to whether only attorneys' fees that have accrued at the time of removal should be considered in calculating the amount in controversy, or whether the calculation should take into account fees likely to accrue over the life of the case.'" *Walker v. CorePower Yoga, LLC*, 2013 WL 2338675, at *6 (S.D. Cal. May 28, 2013) [quoting *Hernandez v. Towne Park, Ltd.*, 2012 WL 2373372, at *19 (C.D. Cal. June 22, 2012) (collecting cases)]. However, recently the Ninth Circuit reversed a remand order under CAFA when the defendant "tendered credible, and unrebutted, evidence that the amount sought exceeded $5 million due to the claim for unpaid overtime *and attorneys['] fees.*" *Rhoades v. Progressive Cas. Ins. Co.*, Inc., 410 F. Appx. 10, 11 (9th Cir. 2010) (emphasis added). Indeed, the better view is to include an estimate of attorneys' fees through the entire litigation.

1    42.    Here, even if we assume the amount in controversy is approximately $5 million,

2    25% of $5 million is $1.25 million.  Thus, coupled with the requests for monetary damages,

3    penalties and attorney's fees, the amount in controversy well exceeds the $5 million threshold.

4    **XI.    PROCEDURAL ISSUE**

5        43.    By removing this matter, IP does not waive and, to the contrary, reserves any

6    rights it may have including, without limitation, all available arguments and defenses.  Further,

7    IP does not concede that any California court has personal jurisdiction over it.  IP disputes that

8    class certification is appropriate and denies that it is liable to Plaintiff or to the putative class

9    for any amount.  However, the question is not whether class certification is appropriate or

10   whether Plaintiff will recover any amount against IP.  "The amount in controversy is simply an

11   estimate of the total amount in dispute, not a prospective assessment of defendant's liability."

12   *Lewis v. Verizon Communications, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

13   **XII.    CONCLUSION**

14       Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, IP hereby prays and removes the

15   above-captioned action from the Superior Court of California, County of Santa Clara, to the

16   United States District Court of the Northern District of California, San Jose Division.

17   DATED: November 13, 2013                    **FISHER & PHILLIPS LLP**

18

19                                               By:  _____

20                                                    Christopher C. Hoffman
                                                      choffman@laborlawyers.com
                                                 Alice Shelor Wang
21                                                    awang@laborlawyers.com
                                                 Brooke B. Tabshouri
22                                                    btabshouri@laborlawyers.com
                                                 Attorney for Defendants
23                                               INTERNATIONAL PAPER COMPANY
                                                 AND TIN, INC.

24

25

26

27

28